UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Medical Graphics Corporation,

Plaintiff,

v.

Compumedics Sleep PTY, Limited,

Defendant.

Civil File No. 01-1617 (RHK/JMM)

**MEMORANDUM OPINION AND ORDER**

---

Wallace G. Hilke, Linquist & Vennum P.L.L.P., Minneapolis, Minnesota for Plaintiff.

Renee L. Jackson, Fulbright & Jaworski L.L.P., Minneapolis, Minnesota for Compumedics Limited.

---

This case involves a contract dispute arising out of a Settlement Agreement and Release ("Settlement Agreement") that terminated a Distribution Agreement between the parties. Compumedics Limited[1] has moved to dismiss Medical Graphics Corporation's ("MGC") Complaint for failure to effectuate proper service or to stay the action pending the resolution of a pending arbitration proceeding.[2] For the reasons set forth below, the

---

[1]The named Defendant, Compumedics Sleep PTY, Ltd., no longer exists as it changed its name in late 2000 to Compumedics Limited when it became a publicly held company. Compumedics Limited, the successor in interest to Compumedics Sleep PTY, Ltd., has therefore appeared in this case.

[2]The Court has been informed that, as of November 7, 2001, the arbitration proceeding has been completed and resolved. Compumedics Limited's Motion to Stay will, therefore, be



FILED NOV 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Court will deny Compumedics Limited's motion.

## Background

In April 1997, MGC, a Minnesota corporation with its headquarters in Vadnais Heights, Minnesota, entered into a Distribution Agreement with Compumedics Sleep PTY, Limited ("Compumedics"), a privately-held Australian corporation, whereby MGC became a distributor for Compumedics' products in the United States. (Compl. ¶¶ 1, 4.) In May 2000, Compumedics and MGC entered into a Settlement Agreement and Release ("Settlement Agreement"), terminating their Distribution Agreement. (Compl. ¶ 9.) The Settlement Agreement provided that Compumedics would use its best efforts to sell "usable" Compumedics products in MGC's inventory for approximately five months. (Affidavit of Cynthia M. Klaus ¶ 2 ("Klaus Aff."), Exhibit A.) After October 31, 2000 the parties were to meet to determine whether to continue having Compumedics sell MGC's inventory or to have Compumedics purchase the remaining "usable" inventory at 70% of the most recent contract price. Id. The Settlement Agreement also provided that, if there was a dispute as to what products were "usable," the parties would first attempt to resolve that dispute and then submit the matter to arbitration before the American Arbitration Association.[3] Id. In October or November 2000 Compumedics became a

---

denied as moot.

[3]"If there is any dispute about what is usable, Steve Johnson and/or David Viele and representatives from MGC that are knowledgeable about the sleep industry and Compumedics' product line shall work together to attempt to resolve it. If they are unable to resolve the dispute,

publicly-owned corporation and changed its name from "Compumedics Sleep PTY, Limited" to "Compumedics Limited." (Burton Dec. ¶ 3.)

On February 15, 2001, MGC commenced an arbitration proceeding against Compumedics pursuant to the Settlement Agreement to determine what Compumedics products in MGC's inventory were "usable." (Affidavit of Wallace G. Hilke ("Hilke Aff.") ¶ 2.) MGC named "Compumedics Sleep PTY, Limited" as the party to the arbitration proceeding. Id. The arbitration hearing was held on August 14 and 15, 2001 in Vadnais Heights. (Affidavit of Dale H. Johnson ("Johnson Aff.") ¶ 2.)

On August 15, 2001, at the conclusion of the arbitration proceeding, Wallace G. Hilke, counsel for MGC, served the Summons and Complaint in this action on Warwick Freeman, the Chief Technology Officer at Compumedics Limited. (Hilke Aff. ¶ 4.) Twenty days later, on September 4, Compumedics Limited removed the case to Federal Court. On September 10 Compumedics Limited served the pending Motion to Dismiss or Stay MGC's Complaint.

**Analysis**

Compumedics Limited's Motion contends that MGC failed to effectuate proper service of process. Specifically, it argues that service of process was ineffective because the Complaint named "Compumedics Sleep PTY, Limited," a now non-existent entity, as

---

the matter will be resolved through submission to the American Arbitration Association ("AAA") and subject to AAA Rules." (Klaus Aff. ¶ 2, Exhibit A.)

the Defendant. Further, Compumedics Limited argues that service was improper because Mr. Freeman was not an appropriate individual to accept service of process under Fed. R. Civ. P. 4(h).

MGC has filed a Response and Cross-Motion to Amend, arguing that Compumedics Limited waived the defenses of insufficiency of process and insufficient service of process by failing to assert such claims within 20 days of service of process. MGC further moves to amend its Complaint to expressly name Compumedics Limited as the successor to Compumedics Sleep PTY, Limited.

## I Timeliness of Compumedics Limited's Motion

Pursuant to Fed. R. Civ. P. 81(c) Compumedics Limited had "5 days after the filing of the petition for removal" to file a Motion to Dismiss. Compumedics Limited filed its Petition for Removal on September 4 and filed its Motion to Dismiss on September 10. As the prescribed time period was less than 11 days, the intervening Saturday and Sunday are not counted, and Compumedics Limited had until September 11 to file its Motion to Dismiss. Fed. R. Civ. P. 6. Compumedics Limited's motion is timely.

## II Service of Process

On a motion to dismiss for insufficient service of process, the court may look beyond the pleadings and examine additional evidence to resolve jurisdictional issues without converting the motion into one for summary judgment. McGahn v. F.C. Hayer

Co., 84 F. Supp. 540, 541-42 (D. Minn. 1949); Bensusan Restaurant Corp. v. King, 937 F. Supp. 295, 298 (S.D.N.Y. 1996). The Court first addresses Compumedics Limited's argument that MGC named the wrong party in the Complaint and secondly the argument that Warwick Freeman was an improper person on whom to serve process.

A. Error in Naming Compumedics Sleep PTY, Limited on Complaint

Compumedics Limited argues that the Summons and Complaint must accurately name the defendant for service to be proper, relying on Gonzalez v. Temple Mountain Ski Resort, Inc., 613 F. Supp. 354, 354 (D. Mass. 1985). However, "[r]ule 4 is a flexible rule which is liberally construed to uphold service as long as defendant receives sufficient notice of the complaint." Crane v. Battelle, 127 F.R.D. 174, 177 (S.D. Cal. 1989) (citing United Food and Commercial Workers Union, Locals 197, et al. v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984)); Minnesota Mining and Mfg. v. Kirkevold, 87 F.R.D. 317, 323 (D. Minn. 1980). "Technical defects contained within a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." Federal Deposit Ins. Corp. v. Swager, 773 F. Supp. 1244, 1249 (D. Minn. 1991). In Gonzalez, there was confusion about what entity was being served because of a recent asset purchase.[4]

---

[4] When the accident giving rise to the suit occurred, the ski resort was owned by Temple Mountain Ski Area, Inc. ("Ski Area"). Gonzalez, 613 F. Supp. at 354. When the suit was filed, however, the ski resort was owned by Temple Mountain Ski Corp. ("Ski Corp."). Id. During the intervening time period, Ski Corp. purchased the ski resort in a straight asset purchase, not assuming any of the liabilities of Ski Area. Id. Nevertheless, the president of Temple Mountain Ski Corp. was served with a summons and complaint naming Temple Mountain Ski Resort, Inc. as the Defendant. Id. In such a situation, it is easy to see how confusion about who the

Gonzalez, 613 F. Supp. at 354. In the present case there is no confusion. There is no claim by Compumedics Limited that it thought the Complaint was intended for another entity. Nor has Compumedics Limited demonstrated any prejudice as a result of the error in the Summons and Complaint. In fact, the Complaint involves the same general subject matter as the arbitration in which Compumedics Limited participated and was served at the conclusion of that arbitration. Compumedics Limited's Motion to Dismiss for failure to name the proper defendant will be denied.

B. Personal Service on Warwick Freeman was Proper

Compumedics Limited contends that the service of the Summons and Complaint by Plaintiff's counsel on Freeman was ineffective service of process. Compumedics Limited argues that, although Freeman's title (Chief Technology Officer) contains the word "Officer," he is not in fact an officer or in any other way authorized to receive service.

The Plaintiff has the burden to prove that service was made upon a proper person. Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 513 (3d Cir. 1971). Service upon a corporation is effective "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). "It is sufficient to satisfy the requirements of Rule 4(d)(3) that a responsible person who declared himself to be in

---

appropriate party was could occur.

charge of the office was served, particularly where there is no showing that any technical errors allegedly committed in serving the summons and complaint were prejudicial to the defendant." Van Hoven Co. v. Stans, 319 F. Supp. 180, 182 (D. Minn. 1970). In Van Hoven, a copy of the Summons and Complaint was delivered to a book-keeper employee of the defendant. Id. The Court found that since the employee identified himself as the office manger and the company did in fact receive notice of the complaint, that service was effective. Id.

In this case, Freeman did identify himself as an officer of the company.[5] His very job title states that he is Compumedics Limited's "Chief Technology Officer." He testified at the arbitration proceeding that he was an "ex-officio member of [Compumedics Limited's] Board of Directors." (Johnson Aff. ¶ 3.) Freeman further testified that he was in charge of Compumedics Limited's research and development, service, and sales for all of Australia and the Asia/Pacific region. (Id.) Additionally, he appeared at the arbitration proceeding on behalf of Compumedics Limited. (Id. at ¶ 4.) In light of these statements and representations, it appears that MGC had adequate reason to believe that Freeman was indeed an officer of Compumedics Limited. Further, nothing in the record would adequately support a finding that Compumedics Limited was

[5]Compumedics Limited argues that MGC is not entitled to rely on Freeman's own explanation of his job responsibilities. Federal Courts, however, have upheld service of process on just that, an employee's own description of his job responsibilities where there was no showing of prejudice. Van Horen Co. v. Stans, 319 F.Supp. 180, 182 (D. Minn. 1970).

prejudiced by the fact that process was served on Freeman.

## III Plaintiff's Motion to Amend

Plaintiff has moved under Fed. R. Civ. P. 15 for permission to amend its Complaint to expressly name Compumedics Limited as the successor to Compumedics. Pursuant to Rule 15, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . ." A motion to dismiss is not a "responsive pleading" for purposes of Rule 15. Fortner v. Thomas, 983 F.2d 1024, 1032 (11th Cir. 1993). As of the present time, MGC has not served a responsive pleading. Although Court permission is not needed to file an Amended Complaint at this time, the Motion to Amend will be granted.

## Conclusion

Based on all of the files, records and proceedings herein, **IT IS ORDERED** that:

(1) Compumedics Limited's Motion to Stay (Doc. No. 4) is **DENIED**;

(2) Compumedics Limited's Motion to Dismiss (Doc. No. 4) is **DENIED**; and

(3) Plaintiff MGC's Motion to Amend the Complaint (Doc. No. 9) is **GRANTED**.

The Amended Complaint is deemed served as of the date of this Order.

Dated: November 15, 2001

RICHARD H. KYLE
United States District Judge