**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Medical Graphics Corporation, Plaintiff(s), vs. Compumedics Sleep PTY, Limited, and Compumedics Limited, as its successor, Defendant(s). | File No. CV-01-1617 RHK/JMM<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties, by their counsel, stipulate to the entry of the following protective order and agree with one another to abide by its terms:

IT IS ORDERED THAT:

1. Any party to this action may designate as "Confidential Material," in the manner set forth in paragraph 2, any document, deposition testimony, information, or other material in its or his/her possession, custody or control, or the possession, custody or control of its/his/her agent(s), that is sought to be discovered. The terms of this Confidentiality Agreement, Stipulation and Protective Order ("Order") govern all aspects of the procedures to be followed in making or challenging such designations and of the terms, conditions and restrictions on the use of such Confidential Materials.

2. Materials to be treated as Confidential Materials shall be designated as follows:

   a. Written discovery answers. Any party or agent of a party wishing to designate written discovery answers as Confidential Material shall type those answers in a separate document in which every page is marked with the following or similar legend:

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

FEB 06 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b. Other written materials. Any party or agent of a party wishing to designate other written materials as Confidential Materials must place the above legend upon the first page and each other page of any document containing information to be treated as Confidential Material or on all pages of copies of such written materials as are produced pursuant to discovery requests.

c. Oral testimony. Any party or agent of a party wishing to designate deposition testimony as Confidential Material (or Confidential Material - Attorneys' Eyes Only) shall either:

i) In advance of disclosure, state that the testimony is Confidential Material and advise all persons present that the information is subject to this Order. The testimony shall be then separately transcribed and marked with the above legend. Only those persons designated in paragraph 3 who have complied with paragraph 4, if applicable, may listen to or read this testimony.

ii) If a designation of Confidential Material is not made in advance of disclosure at a deposition, it may be made within 30 days following the designating party's receipt of the deposition transcript by the mailing of written notice to all parties. All persons with copies of the deposition transcript shall then mark their copies with the above legend. Until the 30-day period has expired, all deposition testimony and transcripts shall be treated as

Confidential Material (except that previously designated "Confidential Material - Attorney's Eyes Only").

3. Confidential Material of another person/entity or the contents of Confidential Material of another person/entity shall not be used for any business purpose or shown to, given to, discussed with, or otherwise disclosed to any person other than:

a. Counsel of record for the parties and, to the extent such disclosure is reasonably necessary, their respective partners, associates, paralegals and clerical personnel;

b. Persons retained or proposed to be retained as expert consultants or witnesses and, to the extent such disclosure is reasonably necessary, their office associates and clerical personnel;

c. Court reporters of depositions in this action;

d. Commercial copying services employed by the parties for the purpose of making copies of documents and deposition testimony for use in connection with the case;

e. Anyone who authored the document or is shown on the face of the document to have received it;

f. The Court, provided that such materials are filed or submitted in a sealed envelope conspicuously marked:

> CONFIDENTIAL PURSUANT TO COURT ORDER. THIS ENVELOPE IS NOT SUBJECT TO RELEASE OR INSPECTION EXCEPT BY ORDER OF THE COURT OR UPON AGREEMENT OF THE PARTIES.

If the Court refuses to grant any party's request to so treat Confidential Materials, the party may nonetheless file such material with the Court, and

the filing shall not be deemed to waive any other restriction contained herein;

g. The employees or agents of a party who are giving testimony relating to the confidential material and/or who are active participants in the preparation of that party's case; and

h. Any person whom the parties agree, in advance and in writing, may receive such Confidential Material.

4. Counsel shall not disclose Confidential Material or the contents of Confidential Material of another party or person/entity to any of the persons listed in paragraph 3, except for Counsel, the Court, court reporters of depositions and commercial copy services, until that person has executed and provided to that Counsel an Affidavit in the form of Exhibit A attached hereto.

5. The parties may produce extremely sensitive documents, testimony, and information under the designation "Confidential Materials - Attorneys' Eyes Only." All provisions of this Order apply, with the added restriction that documents so designated may not be shown to persons listed in paragraph 3(g) and information so designated may not be communicated to persons listed in paragraph 3(g). In addition, all copies of documents designated "Confidential Materials - Attorneys' Eyes Only" and documents incorporating such information shall be maintained by the attorneys of record in this case.

6. Any person obtaining access to Confidential Materials or the contents thereof to another party or person/entity shall use the information contained therein only for the purposes of this action and for no other purpose.

7. Confidential Materials of another party or person/entity shall be kept in separate files marked "Confidential Pursuant to Court Order. Only authorized persons are allowed access."

8. Within 90 days of the conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall, at the producing party's discretion:

a. at the election of the producing party, destroy or return to the person/entity who produced the Confidential Materials, all such Confidential Materials, including depositions and deposition exhibits designated as Confidential Material, and all copies thereof; and

b. destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Material and certify to the producing party's attorneys that such destruction has occurred; except that Counsel may retain one archival copy of court filings containing Confidential Materials which materials will otherwise remain subject to this Order.

9. Nothing in this Order constitutes a finding or admission that any Confidential Material is in fact confidential, proprietary or otherwise not subject to disclosure. Any party may bring before the Court at any time the question of whether any particular material designated as Confidential Material does, in fact, contain confidential material; whether it is properly classified as "Confidential Material - Attorneys' Eyes Only" or the question of whether this Order should be modified. The burden of proof shall be on the party claiming confidentiality.

10. The terms of this Order shall survive and remain in effect after the termination or settlement of this litigation. This Court shall retain jurisdiction over the parties and each person receiving Confidential Material under this Order for the sole purpose of enforcement of its provisions.

Dated: 29 Jan, 2002

LINDQUIST & VENNUM P.L.L.P.

By ______________________
Wallace G. Hilke, #175857
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

(612) 371-3211

ATTORNEYS FOR PLAINTIFFS

Dated: January 30, 2002

FULBRIGHT & JAWORSKI L.L.P.

By ______________________
Renee L. Jackson, #222604
Nicholas A.J. Vlietstra, #241532
225 South Sixth Street
Suite 4850
Minneapolis, Minnesota 55402-4320

(612) 321-2800

ATTORNEYS FOR DEFENDANTS

IT IS SO ORDERED.

Dated: 2/6, 2002

BY THE COURT:

______________________
Honorable John M. Mason
Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT CONCERNING PROTECTION OF CONFIDENTIAL MATERIALS PURSUANT TO PROTECTIVE ORDER**

The undersigned hereby acknowledges under oath that s/he has received and read the Confidentiality Agreement, Stipulation and Protective Order in the above-captioned action dated ______________________, by the United States District Court. The undersigned further acknowledges that s/he fully understands its terms, agrees to be bound by those terms, and agrees to submit her/himself to the jurisdiction of the Court for the purposes of enforcement thereof.

______________________________________

Subscribed and sworn to before me
this ______ day of _______________,
_______.

_________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.